## STATE *vs.* CONSTANTINE MINER.

Under Gen. Stat. R. I. cap. 183, § 4, Pub. Stat. R. I. cap. 194, § 5, writs of *scire facias* upon recognizances may be made returnable to any term of the Court of Common Pleas in the county of Providence.

A recognizance stated that it was taken before "W., Justice of the Peace and Trial Justice of the town of J." The writ of *scire facias* on this recognizance described it as taken " before the Justice Court of the town of J."

*Held,* that the variance was merely verbal and not fatal.

*Held,* further, that in the absence of evidence to the contrary the recognizance was presumably taken in the town of J., although this did not appear affirmatively in the recognizance.

The recognizance ran in the name of C. as principal and E. as surety. The condition read, " Whereas the said respondent," &c., without naming any person. The writ of *scire facias* on this recognizance described the condition " Whereas the said C." &c. It appearing from the statute under which the recognizance was given that the respondent appellant was to be the principal in the recognizance:

*Held,* that the variance was not fatal.

In the complaint against C. the offence is described as committed "against the statute and the peace and dignity of the State." The condition of the recognizance describes it as committed " contrary to chapter 508 of the General Statutes of Rhode Island, against the statute and the peace and dignity of the State." Cap. 508 is one of the Public Laws subsequent to the General Statutes.

*Held,* that the variance was immaterial.

The recognizance sent up to the Court of Common Pleas purported to be the original record. It contained a statement of the costs of prosecution and conviction, and was signed by the trial justice.

*Held,* that his signature was a sufficient certification under Pub. Laws R. I. cap. 508, § 24, of June 25, 1875.

The court expresses its disapproval of the form of the recognizance although it supports the instrument.

EXCEPTIONS to the Court of Common Pleas.

*December 22,* 1883. DURFEE, C. J. This is an action of *scire facias* on a recognizance in which, on trial in the Court of Common Pleas, judgment was rendered for the State. The case comes here on exceptions. The first exception is for the refusal of the court below to dismiss the action for want of jurisdiction. The

motion to dismiss was founded on Gen. Stat. R. I. cap. 183, § 4,[1] which provides that "all writs and civil process of said Court of Common Pleas, excepting writs of *scire facias* upon recognizances, shall be made returnable to the June and December terms of said court." In the case at bar the writ issued October 24, 1879, and was made returnable to the ensuing December Term. The defendant contends that under said § 4 writs of *scire facias*, on recognizance, cannot be made returnable to the June and December terms. We do not think the section should be so construed. The section requires that all writs and civil processes shall be made returnable to those terms, except writs of *scire facias* on recognizances. It does not *require* the latter writs to be made returnable to those terms, but neither does it prohibit their being made returnable to them. Such writs may be made returnable to any term. The first exception is overruled.

On trial in the court below the State offered in evidence a defaulted recognizance. The defendant objected to its admission, on the ground that there was a fatal variance between it and the recognizance alleged in the writ. The court, however, admitted the recognizance and the defendant excepted. The defendant directs our attention to several points in which the recognizance, as it is alleged, differs from the recognizance offered in evidence. In the writ the cognizors are alleged to have appeared " before the Justice Court of the town of Johnston," whereas the recognizance offered in evidence purports to have been taken before " William A. Phillips, Justice of the Peace and Trial Justice of the town of Johnston." Clearly there is a verbal variance, but, the variance not involving matters of description, the question is whether the recognizance as alleged differs from the recognizance put in evidence, not simply verbally, but in substance or legal effect. The statute provides that " a justice court shall be established in every town, unless otherwise specially provided," and that "such court shall be held by a trial justice, who shall be selected and elected from the qualified justices of the peace in such town." Gen. Stat. of R. I. cap. 185, §§ 1, 2. The statute does not require that these justice courts, in the exercise of their

---

[1] See, also, Pub. Stat. R. I. cap. 194, § 5.

criminal jurisdiction, shall be held at any particular times or places, but a trial justice, whenever he is engaged in the exercise of his criminal jurisdiction, is a justice court. The recognizance put in evidence appears on its face to have been taken by the trial justice while engaged in the exercise of his criminal jurisdiction. We think, therefore, that though in point of form the recognizance would have been better if it had purported to have been taken before the Justice Court of the town of Johnston, held in said town by William A. Phillips, Justice of the Peace and Trial Justice of said town, it is nevertheless in substance and legal effect the same as if it had purported to be so taken. The defendant argues against this view that it cannot be sustained because it does not appear affirmatively in the recognizance that it was taken in the town of Johnston, and the trial justice had no jurisdiction out of it. We think, however, that in the absence of proof to the contrary it may be presumed that the recognizance was taken where the trial justice had a right to take it, namely, in Johnston. This view, though opposed to the stricter cases, is in accordance with the rule laid down by this court in *State* v. *Edgerton* 12 R. I. 104. Our conclusion is that the variance in this particular is verbal merely and therefore not fatal.

The writ alleges, and the recognizance produced shows, that the recognizance was given by Constantine Miner as principal, and John Entwhistle as surety. The writ alleges the condition as follows, to wit : " The condition of the foregoing recognizance is such, that whereas the said Constantine Miner," &c. The condition of the recognizance offered in evidence reads as follows, to wit : " The condition of the aforegoing recognizance is such, that whereas the said respondent," &c., without naming any person. The defendant insists that the variance is fatal. Doubtless the variance is fatal unless it is manifest that the person designated as " the said respondent " is Constantine Miner. There is nothing in the words which precede the words " the said respondent " to indicate who is meant by them; for though two persons are named besides the trial justice, neither of them is designated as the respondent. It appears, however, from the condition of the recognizance that the recognizance was given for the prosecution of an appeal from the Justice Court of Johnston to the Court of

Common Pleas, "the said respondent" having been convicted by said Justice Court of selling and suffering to be sold ale, wine, and whiskey, "contrary to chapter 508 of the General Statutes of Rhode Island, against the statute," &c. Chapter 508 of the Public Laws,[1] the statute then in force, allowed an appeal to any person, convicted of selling or suffering to be sold any ale, wine, &c., by any Justice Court, to the Court of Common Pleas, the appellant giving recognizance "in the sum of one hundred dollars with sufficient surety." It thus appears that when a person convicted as aforesaid appeals, it is he, the respondent, who gives the recognizance, with some other person as surety. This makes it clear that it is Constantine Miner who is designated as "the said respondent;" for of the two persons, besides the trial justice, who are previously mentioned, it is Constantine Miner who gives the recognizance as principal, with John Entwhistle as surety. *Miner* is the respondent, and he is called "the *said* respondent," because he has been previously mentioned or named. We think, therefore, that the variance is not fatal. We wish to remark, however, that we hope that no one will infer from the fact that we have found it possible to support the recognizance, that the form of it meets our approval.

Another discrepancy which has been pointed out is this, that in the writ the complaint against Miner is described as a complaint for an offence committed "against the statute, and the peace and dignity of the State," whereas in the condition of the recognizance it is described as an offence committed "contrary to chapter 508 of the General Statutes of Rhode Island, against the statute, and the peace and dignity of the State." We do not think the variance is material; for the phrase, "contrary to chapter 508 of the General Statutes of Rhode Island," either means nothing because there is no chapter 508 of the General Statutes, or it means the same as contrary to chapter 508 of the Public Laws, in which event it adds nothing to what is expressed without it by the words "against the statute." In other words the legal effect is the same, whether the phrase be in the recognizance or out of it, and therefore its omission from the writ does not create a legal variance. The second exception is overruled.

[1] Enacted June 25, 1875.

The last exception is because the court below admitted the recognizance in evidence notwithstanding that there was no certificate of the Justice Court of the town of Johnston upon it. The statute, Pub. Laws R. I. cap. 508 § 24, of June 25, 1875, prescribes that where a recognizance to prosecute an appeal is given, the Justice Court taking it "shall forthwith certify it to said Court of Common Pleas, together with a certified statement of all costs of prosecution and conviction in said Justice Court." The recognizance sent up purports to be the original record. It contains in the condition of it a statement of the costs of prosecution and conviction. It is signed by the trial justice. We think his signature certifies it and certifies the costs stated in it, and so meets the requirement of the statute. The indorsement on it of a formal certificate would add nothing to its certainty.

*Exceptions overruled.*

*Samuel P. Colt,* Attorney General, for plaintiff.
*Marquis D. L. Mowry,* for defendant.